**Bill Athanas**
Partner
bathanas@bradley.com
205.521.8996 direct



April 22, 2026

**VIA EMAIL**
Kevin P. Davidson
Acting United States Attorney
Middle District of Alabama
131 Clayton Street
Montgomery, Alabama 36104

      Re:     *United States v. Southern Poverty Law Center, Inc., Case No. 2:26-cr-00139-ECM-KFPo*

Dear Mr. Davidson:

I write to demand that the United States correct a false and unfairly prejudicial public statement made by Acting Attorney General Todd Blanche last evening. During an appearance on *The Ingraham Angle* on Fox News, AG Blanche made a number of statements about the Department's indictment of the Southern Poverty Law Center.[1] You signed that indictment as the Acting U.S. Attorney for the Middle District of Alabama.

AG Blanche's statements last night followed a press conference he conducted earlier in the day at Justice Department headquarters with FBI Director Kash Patel. During that press conference, AG Blanche specifically referenced his communications with you.

Without waiving our ability to challenge any or all the statements made by AG Blanche and Director Patel during that press conference, we write here to demand that the Department of Justice correct a specific false statement AG Blanche made during his interview with Ms. Ingraham. The following exchange occurred during their discussion:

Ms. Ingraham:      Now, they [SPLC] say they're no longer using these informants in this way, and that it was necessary because they had all sorts of threats against the organization; firebombing threats and other acts of purported violence, and that's why they had to use these informants. And to that you say?

---

[1] Video footage of that interview can be viewed at this link: https://www.foxnews.com/media/acting-ag-todd-blanche-says-splc-fraud-indictment-not-politically-motivated-calls-conduct-egregious.

4914-4154-9186.1

TB:     Well to that I say, for one, the indictment charges all the way through 2023, so I'm not- I'm here to speak about what they're doing right now, but that indictment charges a long period of time through 2023. And second, and more importantly, there's no allegation or information in the indictment that suggests they shared that information with law enforcement. They have communicated –

LI:     They said they did –

TB:     Well, they communicated when they so chose, with law enforcement over the years. ***There's no information that we have that suggests that the money they were paying to these informants and these members of these organizations, they then turned around and shared what they learned with law enforcement***. To the contrary, or else we would have known, from their own words, that they had given this money to these guys. And we didn't know.

The bolded statement is false. As we have advised you and your colleagues multiple times, the SPLC on numerous occasions provided information to law enforcement received from informants. In fact, in a meeting at your office on April 6, 2026, lawyers representing the SPLC (including me, Addy Schmitt, Andrea Moseley, Sara Kropf and Brianna Stone) detailed for you a specific instance where the SPLC alerted law enforcement to potentially illegal conduct by ███ ████, a member of Vanguard America who sought a national security clearance as part of his work at the Philadelphia Navy Yard. We provided you specific documents which demonstrated how the F Program passed that information to law enforcement, as well as copies of federal court pleadings in the Eastern District of Pennsylvania relating to the criminal prosecution of ████ based on the conduct the SPLC reported. These pleadings reveal the ***government's*** repeated requests that ████ be detained because of the serious risk of violence he presented. We spent considerable time walking you through these materials, which unquestionably demonstrated that the SPLC passed along this information. AG Blanche's statement to the contrary is simply false.

To avoid any confusion on the government's part about the significance of this evidence, Ms. Schmitt sent you a letter dated April 17, 2026 which highlighted the need for you – consistent with Justice Department policy – to advise the grand jury of reports of this type. At no time have you disputed your obligation to do so.

Information relating to the ████ prosecution is just one of numerous examples of the SPLC's efforts to pass on to law enforcement evidence gathered through the F Program of planned criminal and often violent activity.

This includes specific information the SPLC provided to law enforcement ahead of the Unite the Right rally in Charlottesville, Virginia in Augusta 2017. The indictment contains

allegations relating to that event, but does not disclose that in fact the SPLC provided a 45-page event report to law enforcement ahead of that rally. In fact, that event report was not only "shared with law enforcement" – contrary to AG Blanche's statements – but was provided to the FBI. As you know, the lead investigator on this matter is an FBI agent. In other words, *the very agency whose agent investigated this case was provided information* from the F Program which provided specifics about the type and source of violence at Charlottesville.

The SPLC's provision of information from the F Program to law enforcement also includes the reporting of information relating to ██████, a member of white supremacist extremist group Atomwaffen Division charged in the District of Nevada in August 2019. The press release issued by the Department of Justice detailed ████'s planned violence:

> ████ admitted that, during online conversations between May 2019 and July 15, 2019, he discussed setting fire to a Las Vegas synagogue, and making Molotov cocktails and improvised explosive devices. ████ further admitted that he conducted surveillance on a bar that he believed catered to the LGBTQ community, located on Fremont Street in Downtown Las Vegas, in preparation for a potential attack.

https://www.justice.gov/usao-nv/pr/las-vegas-man-pleads-guilty-possession-bomb-making-components. The complaint filed by the government in that matter, signed under oath by an FBI Special Agent, detailed specifically just how close ████ got to executing a mass terror attack:

> FBI Special Agent Bomb Technician (SABT) Anthony Telenko located a bottle of "Pot Perm Plus" Potassium Permanganate, which can be used as a strong oxidizing agent, on the top shelf of ████'s bedroom closet. Also located on the closet shelf were separate jars of thermite, sulfuric Acid and lithium aluminum hydride, which can be used as fuels. SABT Telenko further observed a soldering iron, wires, circuit boards, and other electrical components in ████'s bedroom that are consistent with items needed to construct an (Improvised Explosive Device) ("IED") circuit. A green colored notebook containing numerous hand drawn schematics of IED circuits was also located in ████'s bedroom. SABT Telenko reviewed the hand drawn schematics and determined they were consistent with the items and circuitry needed to function a timed explosive device.

*United States v.* ████, Case 2:19-mj-00593-NJK (D. Nev), Doc. 1, ¶ 19. ████ was charged, pled guilty and was imprisoned based on this conduct.

As the lead prosecutor in this matter, it is incumbent on you to immediately correct AG Blanche's false statement. Absent a full and immediate public retraction of that statement, and the issuance of a correction which confirms that the SPLC provided to law enforcement information gathered from the F Program, we intend to seek relief from the Court.

Kevin P. Davidson
Acting United States Attorney
April 22, 2026
Page 4

       Please confirm that you will issue a public corrective statement by 4 p.m CT today and provide us a copy.

Sincerely,

Bill Athanas

WCA

cc:    Addy Schmitt, Esq. (via email)
       Andrea Moseley, Esq. (via email)
       Sara Kropf, Esq. (via email)
       Brianna Stone, Esq. (via email)
       Russell Duraski, Assistant U.S. Attorney (via email)