IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. )
) NO. 2:26-cr-00139-ECM-KFP
SOUTHERN POVERTY LAW CENTER )

## ORDER

Before the Court is the Government's Motion for a Protective Order pursuant to Federal Rule of Criminal Procedure 16(d)(1). The United States requests that the Court authorize the disclosure of discovery documents to the defendant's counsel without the necessity of redacting banking information and personally identifying information for multiple persons, including individuals who are not indicted. The United States has also requested a protective order governing the use of the items containing personal identifying information.

After due consideration, the motion is **GRANTED** as follows:

1. In accordance with the court's previously entered Standing Discovery Order, the United States may disclose to the defendant's counsel unredacted discovery containing personal identifying information.

2. Defense counsel shall (i) use the discovery material, including the personal identifying information, only as necessary to represent the defendant in this case; (ii) acknowledge that their clients understand the sensitive nature of this discovery and that it should not and would not be shared with anyone outside their counsel and professional members of the defense team and that all such material in their possession should be returned or destroyed following completion of the case; (iii) not leave discovery material

1

containing personal identifying information in the control or custody of the defendant or any person not a professional member of the defense team (*e.g.*, attorneys, paralegals, legal assistants, expert witnesses); (iv) notify, prior to sharing discovery with any member of the defense team, the person receiving the discovery materials of the existence and contents of this protective order; (v) be limited from providing copies of discovery to any potential witness, except for that witnesses' own statements or records; and (vi) collect and return to the United States all paper and electronic copies of any discovery material containing personal identifying information at the conclusion of this litigation or, alternatively, destroy those items and confirm their destruction to the Government.

3. Defense counsel shall not input, transmit, upload, process, generate output from, or otherwise expose any discovery materials received pursuant to this Protective Order to any artificial intelligence ("AI") tool without prior written consent from the government. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise. To obtain authorization for the otherwise prohibited use of an AI tool, defense counsel must submit a written request to the government. In any request for written authorization, defense counsel must specifically identify and describe any AI tool to be used and certify that it does not (i) retain or use any discovery materials for model training, nor (ii) expose any discovery materials to third parties not authorized

under this Protective Order to receive such materials.  In addition, defense counsel must certify that (i) defense counsel has implemented reasonable measures to ensure that any AI tool used will maintain the confidentiality of any discovery materials, and (ii) defense counsel will ensure the deletion of discovery materials from the tool at the conclusion of this case.  Defense counsel will be responsible for destroying such information at that time.  Under no circumstances will any member of the defense team submit discovery materials to a publicly accessible AI system that retains and uses submitted data to train models.  Such AI tools pose unique risks to the security and integrity of discovery materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

4. Personal identifying information may be subject to redaction before documents containing such information can be used in open court or a public filing. This Order does not affect the requirement for redaction of materials filed with the Court in compliance with Rule 49.1 of the Federal Rules of Criminal Procedure. Such redaction is still required.

5. The procedures for use of documents containing personal identifying information during any hearing or trial shall be determined by the Court in advance of the hearing or trial. No party shall file, unless submitted under seal, or disclose in open Court documents containing personal identifying information without prior consultation with the Court.

6.  Persons accepting disclosure of personal identifying information pursuant to the terms of this Order shall be deemed to submit themselves to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

**DONE** this ___ day of _____, 2026.

_____

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE