IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:26-CR-139-ECM-KFP |
| | ) |
| SOUTHERN POVERTY LAW CENTER, INC. | ) |

**RESPONSE OPPOSING THE SPLC'S MOTION FOR**
**GRAND JURY TRANSCRIPTS**

"The secrecy of the grand jury is sacrosanct." *United States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988). Here, the Southern Poverty Law Center, Inc. ("SPLC") seeks to invade the province of the grand jury based on speculation and unsubstantiated allegations. The request lacks support in the law and in fact. Moreover, even crediting the SPLC's allegations, the request is overly broad. The SPLC is not entitled to the entirety of proceedings before the grand jury, and because their request is neither particularized nor compelling, the motion is due to be denied.

### I.   The Indictment against the SPLC

On April 21, 2026, a federal grand jury returned an 11-count Indictment against the Southern Poverty Law Center, Inc., which stems from an alleged scheme by the SPLC to obtain donor money under false pretenses and to conceal payments to field sources (also referred to as "Fs") using these donations. (*Id.* at 1–6). As detailed in the Indictment, the SPLC has a history tracing back to the 1980s of paying members of extremist groups to act as informants. (*Id.* at 3). Some of these field sources were not just run-of-the-mill informants; rather, these "Fs" were leaders of the same extremist groups the SPLC publicly vowed to bring down. (*Id.* at 3–6). In some cases, donated funds were used for the promotion of the extremist groups (*Id.* at 4-5) and the commission of various state and federal crimes. (*Id.* at 4).

To effectuate this scheme of concealing payments to these field sources, SPLC employees opened multiple bank accounts in the names of fictious entities, such as the "Center Investigative Agency," "Fox Photography," and "Rare Book Warehouses." (*Id.* at 6). These entities had no *bona fide* employees nor conducted any actual business. (*Id.* at 6). Instead, they served solely as the means to secretly pay field sources. (*Id.* at 5).

## II. The law governing the disclosure of grand jury materials

"Grand jury proceedings, both state and federal, have long been protected by a veil of secrecy." *Phillips*, 843 F.2d at 441. Indeed, "the proper functioning of [] the grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1979). That is because:

> if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Id*. at 218–19.

This long tradition of grand jury secrecy is enshrined in Federal Rule of Criminal Procedure 6(e). *United States v. Aisenberg*, 358 F.3d 1327, 1347–48 (11th Cir. 2004). It is Rule 6(e) that sets out to maintain the precarious balance between the need for grand jury secrecy and situations where disclosure may be necessary. *Phillips*, 843 F.2d at 441. For example, Rule 6(e) allows for disclosure of grand jury materials "preliminary to or in connection with a judicial proceeding" or "at the request of a defendant who shows" that the indictment may be dismissed due to a matter that happened before the grand jury. Fed. R. Crim. P. 6(e)(3)(E)(i) & (ii).

A party seeking the disclosure of protected grand jury material must show that "the material they seek is needed to avoid a possible injustice in another court proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil. Co. of Cal.*, 441 U.S. at 222.

## III.  The SPLC's motion fails at every step

The SPLC has shown neither compelling nor particularized reasons to justify disclosure of grand jury materials. Nothing they allege overrides the interest in maintaining the grand jury's secrecy. And even assuming otherwise, the request is overbroad and not tailored to address a specific need; instead, it is the exact kind of "fishing expedition" that is generally prohibited.

> *A. The SPLC has not shown a particularized and compelling need for grand jury materials.*

As the party requesting grand jury materials, the SPLC bears the burden to show that their need trumps the public's interest in the grand jury remaining secret. *Aisenberg*, 358 F.3d at 1348. They have failed to meet that burden.

> i.  The SPLC has not shown how the grand jury transcript would prevent possible injustice.

As an initial matter, the SPLC has not shown how the requested materials are "needed to avoid a possible injustice" in this court proceeding. *Douglas Oil. Co. of Cal.*, 441 U.S. at 222. The allegation that public comments made by government officials *after* the grand jury returned the Indictment indicates that similar comments were made before the grand jury lacks any support. (Doc. 22 at 12–13).  The SPLC offers no facts to support this unsubstantiated claim, and indeed, none can be found.  *United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985) (finding "that appellants' unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard") (citation omitted).

Moreover, the public comments in question—whether the SPLC ever shared information obtained by its field sources with law enforcement—are simply not relevant to the charges in the indictment. This case is about fraudulently obtaining money from donors, lying to banks, and concealing payments to the same organizations the SPLC publicly told donors they were fighting against. (Doc. 1 at 3–6). What, if anything, the SPLC did with the information it obtained through field sources is not relevant to the charges.

Nor does the SPLC need access to secret grand jury materials to investigate alleged infirmities with the Indictment. The SPLC alleges that the Indictment is fundamentally flawed on its face. (Doc. 22 at 9) ("On its face, the indictment has fundamental flaws"); (*Id*. at 20) (referring to "the glaring flaws on the face of the 11-count indictment").  If that assertion is accurate, there is then no need to probe into the secrecy of the grand jury because the dismissal of the indictment would not require disclosure "of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

Moreover, SPLC's reliance on *United States v. Comey*, 809 F. Supp. 3d 396 (E.D. Va. 2025) is misplaced. The SPLC argues that the "court's reasoning in Comey applies with equal force to the SPLC, including the court's concerns that 'statements by the prosecutor to the grand jurors that on their face *appear to be fundamental misstatements of the law* that could compromise the integrity of the grand jury process.'"  (Doc. 22 at 12.) (quoting *Comey*, 809 F. Supp. 3d at 409) (emphasis in original).  But the district court in *Comey* drew its conclusions from an *in camera* review of the grand jury transcript itself, not from speculative assertions of the defense.  *Comey*, 809 F. Supp. 3d at 409.  In addition, the court itself did not speculate about whether the prosecutor had misstated the law, it expressly found such to be the case.  *Id*. ("The Prosecutor's Statement that [Redacted] is a fundamental and highly prejudicial misstatement of the law[.]").

Moreover, misstatements of the law were hardly the only underlying basis for the court's decision to disclose all grand jury materials. *Id*. at 412-14 (setting forth ten other factual findings in support of its decision). Finally, the *Comey* court recognized that, in that case, "[t]he traditional policies underlying grand jury secrecy [were] only moderately applicable" because "the grand jury's role" was "over and the statute of limitations has expired so there is no danger that release of grand jury materials could impact future grand jury proceedings." *Id*. at 413.  The same is not true here.  Thus, this case and *Comey* are hardly comparable.

  ii. <u>The SPLC has not shown a compelling and particularized need for the materials.</u>

The SPLC has not shown "a compelling and particularized need for disclosure." *Aisenberg*, 358 F.3d at 1348; *see also United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983) ("We have consistently construed [Rule 6(e)], however, to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted.") To do so, the SPLC must show that "circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to specific grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process." *Aisenberg*, 358 F.3d at 1348–49. Courts should also consider "not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Id.* at 1348 (quoting *Douglas Oil Co.*, 441 U.S. at 222).

The SPLC speculates that the prosecutor may have misinformed the grand jury as to the applicable law. (Doc. 22 at 9). But such speculation is not enough. Were it so, such an allegation would warrant disclosure in every case. Put concisely, the SPLC has not shown how the grand jury materials would alleviate any specific concerns to this case, outside of a potential need to file a motion to dismiss. And "[p]articularized need is not shown by a general allegation that grand jury

materials are necessary for the preparation of a motion to dismiss." *United States v. Burke,* 856 F.2d 1492, 1496 (11th Cir. 1988).[1]

Here, moreover, the need for continued secrecy is at its highest given the ongoing investigation. *In re Grand Jury Proc. in Matter of Freeman*, 708 F.2d 1571, 1576 (11th Cir. 1983) ("The need to preserve the secrecy of an ongoing jury investigation is of paramount importance.") (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1978). Moreover, additional factors such as the nature of the charges and investigation into a complex financial scheme, the potential use of cooperating witnesses, and the possibility of superseding charges all weigh against disclosure. *See, e.g., Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (Grand jury secrecy "serves to protect the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like."); *see also Pitch v. United States*, 953 F.3d 1226, 1232 (11th Cir. 2020) (discussing "vital purposes" for grand jury secrecy); *Doe 1 v. United States*, 411 F. Supp. 3d 1321, 1329–30 (S.D. Fla. 2019) (rejecting request for grand jury materials in part because "those materials may be relevant to any ongoing investigation relating to the alleged co-conspirators, the disclosure of which would interfere with that investigation").

---

[1] The SPLC recognizes that, under circumstances such as these, the government is generally entitled to a presumption of regularity. (Doc. 22 at 14) (citing *Hamling v. United States*, 418 U.S. 87, 139 n.23 (1974)). It argues, however, that no such presumption should exist in this case. (*Id.*) But the only basis in support of that contention directed to the prosecutors involved with the grand jury is to criticize how the case was investigated and charged. (Doc. 22 at 15) ("These irregularities include the Justice Department's failure to subpoena, or even contact the SPLC during the investigation."). In any case, the presumption is not the basis for placing the burden on the party requesting disclosure of grand jury materials, nor is it the source of the requirements of that burden—the material sought must be needed to avoid a possible injustice, the need for disclosure must be greater than the need for continued secrecy, and the request must be structured to cover only any corresponding necessary material. *Douglas Oil. Co. of Cal.*, 441 U.S. at 222. The SPLC's burden exists even in the absence of a presumption of regularity. It has failed to meet that burden.

The SPLC cannot show that their alleged need for grand jury materials trumps the need for the grand jury's continued secrecy. Indeed, "the traditional policies underlying grand jury secrecy" are resoundingly applicable here. *See contra United States v. Comey*, 809 F. Supp. 3d at 413. Given the ongoing investigation, the reference to numerous "Fs" throughout the indictment, and the alleged scheme, it is of paramount importance that these proceedings remain secret.

B. *The SPLC's request is overbroad.*

Even if the SPLC could show that the grand jury materials are needed to prevent possible injustice and could also show a compelling need for the materials, their request is not limited to "only those materials actually needed." *Aisenberg*, 358 F.3d at 1349. Instead, the SPLC seeks "disclosure to the defense of transcripts of all grand jury proceedings in this case[.]" (Doc. 22 at 18). Such a "blanket request . . . cannot be described as the kind of particularized request required for the production of otherwise secret information." *United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir. 2001). The motion should be denied for this reason as well.

Perhaps recognizing that its request is overly broad, the SPLC requests, "at a minimum," the "prosecutor's introductory remarks and legal instructions provided to the grand jury[.]" (Doc. 22 at 17). And in support of that contention, the SPLC cites a District of Montana case which, in turn, cites a Ninth Circuit case. *Id.*. These cases, the SPLC represents, stand for the proposition that, "[u]nlike the substance of grand jury proceedings, a prosecutor's introductory remarks and legal instructions provided to the grand jury are not presumptively covered by Rule 6(e)'s secrecy requirement and 'does not require a particularized need.'" *Id.* (citing *United States v. Woody's Trucking*, LLC, 2018 WL 457781, at *1 (D. Mont. Jan 17, 2018) and *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973)).

But *Alter* does not support the SPLC's request. It did not, as the SPLC represents, hold that the prosecutor's interactions with the grand jury related to a particular investigation are not covered by grand jury secrecy. Rather, it merely recognized that the court's general instructions to the grand jury are not covered. *Alter*, 482 F.2d at 1029, n.21 ("Alter was entitled to know the content of the court's charges to the grand jury. The proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not."); *see also United States v. Morales*, No. CR. S-05-0443 WBS, 2007 WL 628678, at *4 (E.D. Cal. Feb. 28, 2007) (distinguishing *Alter* on this basis); *United States v. Larson*, No. 07CR304S, 2012 WL 4112026, at *4–5 (W.D.N.Y. Sept. 18, 2012) (same).

In any case, the SPLC has failed to cite any authority in the Eleventh Circuit, binding or otherwise, in support of its contention that the prosecutor's remarks and instructions to the grand jury are not covered by grand jury secrecy. And support for the request has no place in the text of Rule 6(e). Thus, the request should be denied, especially under these circumstances when the investigation is ongoing.

Respectfully submitted this the 5th day of May, 2026.

/s/ Kevin P. Davidson
Kevin P. Davidson
Acting United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Tel: (334) 223-7280
Fax: (334) 223-7135
kevin.p.davidson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:26-CR-139-ECM-KFP |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, INC. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2026, I filed the foregoing with the Clerk of the Court using

the CMECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ Kevin P. Davidson
Kevin P. Davidson
Acting United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Tel: (334) 223-7280
Fax: (334) 223-7135
kevin.p.davidson@usdoj.gov