# Exhibit 26

FILED

2011 Jun-23  AM 11:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 1:10-cr-0360-VEH-HGD |
| | ) | |
| JEREMY BROWN | ) | |

## ORDER

This matter is before the court on the motion of the defendant for discovery concerning his claim of selective prosecution.  (Doc. 17 at 5 of 6).  The motion is opposed by the United States.  Upon consideration, the court finds that the motion is due to be granted in part and denied in part.

## BACKGROUND

The defendant is charged with assaulting a correctional officer "by striking him with a substance purported to contain feces and urine" in the face on March 25, 2010.  (Doc. 1).  The incident allegedly occurred while the defendant was housed in the Special Management Unit ("SMU") at the Federal Correctional Institution in Talladega, Alabama.  As best the court can discern, the defendant has been housed in the SMU since about March 2009.  He was indicted in this action on September 30, 2010.  (*Id.*)

The defendant has filed a motion to dismiss the indictment premised on a claim of selective prosecution.  Specifically, he alleges that he has been selected for prosecution while similarly situated inmates have not been.  He further asserts that he is being prosecuted because of his prolific legal writing and filings.  (Doc. 17 at 3 of 6).  As a part of his motion to dismiss, the defendant seeks an order of this court requiring the disclosure by the United States of any incident reports concerning accusations of assaults against correctional officers with feces in the

SMU and any incident reports concerning any inmate in the SMU "accused of striking, hitting, kicking, punching or otherwise assaulting prison staff." (*Id.*)  The United States opposes the request for discovery, calling it a "judicially sanctioned 'fishing license,'" absent a showing of the second prong of such a claim," that is, invidious discrimination. (Doc. 20 at 16 of 19).  The United States further asserts that any discovery should be limited to "'similarly situated'" incidents. (*Id.* at 17 of 19).

On June 21, 2011, the court conducted a status conference in this matter.  During the conference, the court requested that the Assistant United States Attorney make inquiry with BOP concerning a time frame for locating the requested documents should the court order such.  The United States has filed a letter response, which will be made a part of the record.

## DISCUSSION

The applicable requirements to establish a selective prosecution claim are well-settled:

> To establish a bona fide selective prosecution claim, movants "must establish first, that they have been singled out for prosecution while others similarly situated have not ... and second, that the decision to prosecute was invidious or in bad faith because it was based upon an impermissible factor such as race" or retaliation for their exercise of constitutional rights....

*United States v. Mills*, 817 F. Supp. 1546, 1557 (N.D. Fla. 1993) (citations omitted).  "[I]n order to obtain discovery in support of such a claim, a defendant must provide 'some evidence tending to show the existence of the essential elements of the defense.'" *United States v. Jordan*, 635 F.3d 1181, 1188 (11th Cir. 2011) (citing *United States v. Armstrong*, 517 U.S. 456, 468, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996) (quotations omitted)).  The Eleventh Circuit Court of Appeals defines

> a 'similarly situated' person for selective prosecution purposes as one who

2

engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant-so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan-and against whom the evidence was as strong or stronger than that against the defendant.

*United States v. Smith*, 231 F.3d 800, 810 (11th Cir. 2000).

Applying the foregoing principles to the present case, the court finds that the defendant has provided "some evidence tending to show the existence of the essential elements of the defense." *Jordan*, 635 F.3d at 1188. First, he has presented evidence tending to show that he has been singled out for prosecution while others similarly situated have not. Specifically, the evidence shows that another inmate, Stephen Burke, was involved in three incidents where fecal matter was thrown on correctional officers (6/18/09, 10/11/09, 10/22/09).[1] (Doc. 20 at 6 of 19). In one incident, the material struck the officer in the face similar to the present incident involving Brown. He was not prosecuted. Inmate Antoine Bruce was involved in four incidents involving fecal matter prior to the present incident. (*Id*. at 6-7 of 19). However, none involved a strike to the face.[2] He was not prosecuted. Demetrius Hill has been involved in a total of five similar incidents. One occurred the day after the case against Brown was referred to the FBI for investigation.[3] (*Id*. at 6 n.3). The others occurred thereafter. He has not been prosecuted and there is no indication that a prosecution is being contemplated. Although the foregoing evidence is not dispositive of the issue presented in the motion to dismiss it does satisfy the standard as to

---

[1]The United States notes in its response that the defendant was involved in three incidents. (Doc. 20 at 6 of 19). Two out of the three incidents involved the material striking the officer in the face. (*Id*. at 7 of 19).

[2]He has a total of 13 incidents or violations during an unspecified period. There is no indication in the record where the strikes occurred.

[3]There is no indication in the record where the officers were struck.

the first element of the selective prosecution claim to warrant the ordering discovery.

To the extent that the United States argues that the present case is distinguishable because there is recorded, photographic evidence supporting the prosecution, the court is not swayed in its determination. (Doc. 20 at 8 of 19). As noted earlier, the Eleventh Circuit Court of Appeals defines "a 'similarly situated' person for selective prosecution purposes as one who engaged in the same type of conduct." *Smith*, 231 F.3d at 810. The comparator must engage in the same basic crime in substantially the same manner where the evidence was as strong or stronger than that against the defendant. *Id*. Although the argument of the United States has merit, it is not dispositive on the question of discovery. The defendant has brought forth some evidence of the elements of selective prosecution. The United States' explanation of the strength of the evidence is not sufficient to overcome that showing. There has been no explanation why no efforts were made to preserve the recordings of the other similar assaults. This is particularly noteworthy when at least one incident (Hill) occurred within days of this incident. This is a matter best left to explanation at an evidentiary hearing.

Secondly, the defendant has presented some evidence of an invidious or bad faith basis for his prosecution. Particularly, he asserts that it is premised on retaliation for the exercise of his First Amendment right to free speech. The evidence supporting this assertion is the defendant's statement that the investigating FBI agent, along with Captain Greg Smith, told him that they were doing everything in their power to get him more prison time unless he stopped filing complaints on prison officials. (Doc. 17-3 at 1 of 1; Doc. 20 at 11). The record is also replete with evidence of the defendant's filing of complaints, including a pending lawsuit against BOP employees alleging assault in the United States District Court for the Eastern District of

Kentucky.[4] (Doc. 17 at 4 of 6 & Doc. 17-9).[5]

Premised on the foregoing, the court finds that some discovery is appropriate in this instance. The next question concerns the scope of that discovery. The court further finds that "similarly situated" persons are those inmates that engaged in substantially similar conduct. That means that the other inmates must have engaged in actions that involved contact with BOP personnel involving bodily fluids (*e.g.* feces, urine, blood, spit) in or about the face. By way of example, an incident with an inmate striking a corrections officer with urine below the waist does not qualify. However, an incident involving contact of bodily fluids on the chest would qualify.

## CONCLUSION

The defendant's motion to the extent it seeks discovery is **GRANTED IN PART and DENIED IN PART**. The United State is to disclose within **thirty days** of the date of this order any and all incident reports for the period of March 2009 through September 2010 reflecting assaults on BOP officers and personnel in the SMU involving bodily fluids (*e.g.* feces, urine, blood, spit) in or about the area of the face. Counsel for the defendant will thereafter be given an additional **twenty-one days** to review the same. An in chambers **status conference** will be held on **Monday, August 22, 2011, at 3:30 p.m**. In all other respects, the motion to the extent it seeks discovery is denied.[6]

---

[4] Counsel for the defendant also notes that the individuals involved in this incident are presently under investigation for alleged criminal violations. (Doc. 17 at 4 of 6).

[5] The court also notes that there is no information in the record concerning the history of the other inmates concerning civil law suits, administrative complaints or writ writing.

[6] The defendant's request for a copy of the visitor's log for March 30, 2010, is specifically denied absent some further showing of relevance.

**DONE**, this the 23rd day of June, 2011.

John E. Ott

**JOHN E. OTT**
United States Magistrate Judge