IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA

vs. CASE NO.: 2:26cr139-ECM

SOUTHERN POVERTY LAW CENTER, INC.,

Defendant.

* * * * * * * * * * * * * * *

ARRAIGNMENT

* * * * * * * * * * * * * * *

BEFORE THE HONORABLE KELLY F. PATE, UNITED STATES MAGISTRATE JUDGE, at Montgomery, Alabama, on Tuesday, July 7, 2026, commencing at 10:22 a.m.

APPEARANCES

(All appearances via Zoom)

FOR THE GOVERNMENT: Mr. Kevin P. Davidson
Assistant United States Attorney
OFFICE OF THE UNITED STATES ATTORNEY
131 Clayton Street
Montgomery, Alabama 36104

FOR THE DEFENDANT SPLC: Mr. Abbe D. Lowell
Mr. David A. Kolansky
LOWELL & ASSOCIATES, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005

Mr. William C. Athanas
Ms. Brianna Stone
BRADLEY ARANT BOULT CUMMINGS
1819 Fifth Avenue North
Birmingham, Alabama 35203

APPEARANCES, continued:

| | |
|---|---|
| FOR THE DEFENDANT SPLC: | Mr. Addy R. Schmitt<br>Ms. Andrea L. Moseley<br>Ms. Janelle Geddes<br>Ms. Sara Kropf<br>KROPF MOSELEY SCHMITT, PLLC<br>1100 H Street NW, Suite 1220<br>Washington, DC 20005 |
| FOR THE SOCIETY FOR THE RULE OF LAW: | Ms. Mallory M. Combest<br>BATTLE & WINN LLP<br>2091 2nd Avenue South, Suite 220<br>Birmingham, Alabama 35233<br><br>Ms. Samantha Trepel<br>STATES UNITED DEMOCRACY CENTER<br>1101 17th Street NW, Suite 250<br>Washington, DC 20036 |
| FOR THE PROTECT DEMOCRACY PROJECT: | Mr. Jeffery C. Duffey<br>LAW OFFICE OF JEFFERY C. DUFFEY<br>505 South Perry Street<br>Montgomery, Alabama 36104 |

* * * * * * * * * * * * * *

Proceedings reported stenographically;

transcript produced by computer

* * * * * * * * * * * * * *

(The following proceedings were heard before the Honorable Kelly F. Pate, United States Magistrate Judge, at Montgomery, Alabama, on Tuesday, July 7, 2026, commencing at 10:22 a.m.)

(Call to Order of the Court.)

THE COURTROOM DEPUTY: Please be advised that recording, photographing, broadcasting, or otherwise electronically or digitally capturing the content of any civil

or criminal court proceeding is strictly prohibited. This prohibition includes the use of audio, video, artificial intelligence, or any combination thereof.

THE COURT: Thank you. Good morning. This is United States versus the Southern Poverty Law Center, Inc., case number 26cr139.

We are here today in federal court in the Middle District of Alabama because there is a superseding indictment pending against the defendant, and we are here for the arraignment.

Let's begin by confirming the appearance of counsel, please. Who is here on behalf of the government this morning?

MR. DAVIDSON: Kevin Davidson. Good morning, Your Honor.

THE COURT: Thank you. Good morning, Mr. Davidson.

And for the defendant, please?

MR. LOWELL: Good morning, Your Honor. Abbe Lowell with cocounsel, as you can see. I'll be speaking for the SPLC today.

THE COURT: Thank you, Mr. Lowell. And good morning to all of you.

Now, before we move forward, do we have anyone who has joined our Zoom, other than Court staff, without checking in first with our courtroom deputy, Ms. Fuller?

(No response.)

THE COURT: Very well.

For the record, we are conducting this proceeding by video conference. Mr. Lowell, have you confirmed your client's consent to conduct the proceeding by video?

MR. LOWELL: Yes, Your Honor, both at the time it was scheduled and today as well.

THE COURT: Very well. Thank you.

Okay. And, Mr. Lowell, has the defendant received a copy of the superseding indictment?

MR. LOWELL: Yes. The SPLC has received the superseding indictment and has reviewed it with counsel.

THE COURT: Very good. Then I will simply summarize the superseding indictment.

Counts 1 through 6 charge violations of Title 18 of the United States Code, Section 1343, for wire fraud beginning in or about 2010 and continuing through at least August 2023 related to specific wire communications on or about April 25, 2023.

Counts 7 through 10 charge violations of Title 18 of the United States Code, Section 1014, for false statements to a federally insured bank related to statements on or about December 20, 2016.

Count 11 charges violation of Title 18 of the United States Code, Section 1956(a)(1)(B)(i), for conspiracy to commit concealment money laundering related to events beginning on or about 2010 and continuing through at least August 2023.

The superseding indictment does also contain two forfeiture allegations.

Now, Mr. Davidson, for the record, what are the potential maximum penalties for the charged offenses, please?

MR. DAVIDSON: For Counts 1 through 6, not more than 20 years' imprisonment; not more than a $500,000 fine or twice the gross gain or loss, whichever is greater, or both the fine and imprisonment; a term of supervised release of not more than three years; a $100 assessment fee, and any applicable order of restitution.

For Counts 7 through 10, not more than 30 years' imprisonment; not more than a million-dollar fine or both fine and imprisonment; not more than five years' supervised release; a $100 assessment fee, and any applicable order of restitution.

For Count 11, not more than 20 years' imprisonment; not more than a $500,000 fine or twice the value of the property involved in the transaction, whichever is greater, or both the fine and imprisonment, a term of supervised release of not more than three years, a $100 assessment fee, and an order of restitution.

And I realize that it's just a corporate defendant, so there would be no applicable imprisonment; but that's just the way the statute is reading, so I'm just reading it straight from the statute.

THE COURT: Thank you, Mr. Davidson.

All right. Mr. Lowell, are you prepared to enter the defendant's plea to the charges in the superseding indictment?

MR. LOWELL: Yes. On behalf of the corporate or in this case the nonprofit defendant, I am prepared to tell the Court the plea that the SPLC would like to enter.

THE COURT: I'm sorry. You broke up a little bit, Mr. Lowell.

MR. LOWELL: I'm sorry. Yes, we're ready to enter a plea on behalf of the SPLC.

Can you hear me better now?

THE COURT: Yes, I can. Thank you.

All right. And how does the defendant plead to Counts 1 through 6, wire fraud?

MR. LOWELL: The defendant pleads not guilty.

THE COURT: And to Counts 7 through 10, false statements to a federally insured bank?

MR. LOWELL: The SPLC pleads not guilty.

THE COURT: And to Count 11, conspiracy to commit concealment, money laundering?

MR. LOWELL: The SPLC pleads not guilty.

THE COURT: Thank you. The Court will enter a not guilty plea on behalf of the defendant as to each charge contained in the superseding indictment against it.

Now, with the arraignment on the superseding indictment complete, if there are any other matters that we need to

address, we will take those up now.

I'll note that we have some motions before the Court but not necessarily before the Court today. The motion to dismiss, which is now fully briefed, is before the Court. The motion to show cause is still in briefing, after which it will be taken under submission. I don't show that there are any other pending motions. The case is set for pretrial conference on August 19th and trial beginning on -- the term beginning on October 5th.

Mr. Davidson, is there anything the government wishes to address this morning?

MR. DAVIDSON: No, Your Honor.

THE COURT: Mr. Lowell?

MR. LOWELL: A few things, Your Honor, just clarification, if I might.

THE COURT: You may.

MR. LOWELL: As to the two pending motions, I think as of today the Court should be informed that because there's a supplemental brief that was filed on behalf -- to add to the motion to show cause, that has now been filed correctly and the Court should have that as well. So that would be completely briefed at this point as well, at least the brief of the SPLC.

THE COURT: Right. The government has the opportunity to file any supplemental reply, should they wish to do so, by July 13.

MR. LOWELL: Thank you. And it's not necessary that the Court tell us now, but it wasn't clear whether or not it would be Your Honor that is going to rule or consider them or the District Court judge and whether or not the Court has yet decided whether there will be a need for or the ability, as we would like, for there to be any oral argument on either of those motions.

THE COURT: Well, if any party requests oral argument, you certainly may put that request by motion before the Court, and it will be considered. That doesn't mean it will be granted, but if either party wishes to have oral argument on the pending motions, you certainly may request that. Otherwise, it will be to the Court to decide it, whether it's necessary or can be decided on the briefs.

MR. LOWELL: Thank you. I thought we may have done that, but I'll double check to be sure that that was something that we had included in our motion, and I appreciate the clarification.

The other thing to consider is we, on behalf of the SPLC, the counsel involved, have started to work out, looking backwards from a potential trial date -- of course, needless to say, we believe the motion has merit, and we won't need a trial date; but on the off chance, we have gone backwards to start looking at the various possible scheduling dates for various things, motions in limine, et cetera. I think I would like to

know if the Court -- once we have that among yourselves and also then discuss it with Mr. Davidson, if the Court would want us to submit that as soon as whenever you would like us as a potential schedule for whatever should happen next. How would the Court like us to proceed?

THE COURT: Well, certainly if the parties can reach an agreement as to that schedule, then you should file a motion requesting that schedule. Otherwise, everything is governed by the arraignment order.

MR. LOWELL: We had mentioned, I think, at the first arraignment that we would be endeavoring to do just that, and we will --

THE COURT: Right.

MR. LOWELL: There are some specific dates that are spread out between now and whenever we need the next Court involvement.

And I think the only last thing is just --

THE COURT: Mr. Lowell, before you move on to the next item, I would also point out that if you-all intend to get together on a proposed schedule and agreed schedule, then I think it would be helpful to the Court to have an idea of how many motions might be before the Court. That will help evaluate the necessary time line that we may need to impose.

MR. LOWELL: We will definitely do that. I think there will be two categories, Your Honor. The first would be the

normal -- and I'm not sure how many there would be at this point -- both parties' motions in limine on various evidentiary issues that we would ask the Court to rule as to whether they are or are not admissible.

And I think the only other category would be, in a case of this profile with this number of complex issues, something about how we would propose, if we get as far as a trial and get as far as jury selection, how that jury selection should occur, including the ability to send a jury questionnaire in advance, which usually both expedites the selection process when it starts and also immediately provides the Court and the parties with information as to who might not even need to show up because of the strong feelings they may have.

That would be the two categories, I think, motions in limine and the jury selection process. If there's anything else, we would let the Court know when we propose that order as well.

THE COURT: Very well. Was there a third item?

MR. LOWELL: The only third item is if we can, as we did when we first appeared in front of Your Honor, ask the government if they have any present intention to again change the charges in any fashion, which obviously will affect what I just said about a schedule. So if the Court can inquire of the government, that could be great.

THE COURT: Mr. Davidson, do you have a response?

MR. DAVIDSON: Your Honor, as I think the government has made clear previously, the investigation is ongoing, so I'm not sure how to answer that at this time. Certainly if the investigation is ongoing, we'll go where the evidence and the law takes us.

MR. LOWELL: I'd like to respond, if that's okay.

THE COURT: You may.

MR. LOWELL: I understand it's ongoing, but it's been ongoing for quite a long time. With a potential trial date coming up in the fall, it would seem that the government could figure out whether there is any grounds to do anything more in the existing indictment at a date certain so that we're not at the point at which we're already just using a hypothetical in the middle of September, and the Court -- and the government decides to bring some charges then. So I'm just asking. I'm not asking now for a date certain, but I'm certainly asking the Court to consider to ask the government or we're asking the government for a date certain. Because at some point, they just have to decide.

In the same way I will add one more thing I forgot to mention on discovery, but first I'd like to make Your Honor aware of that request.

THE COURT: All right. It's noted. But at this point, I don't think that there is any deadline, so to speak, for the government to provide that information to you other than what

they have already provided. We do have a trial date, and this case is going to trial on that date, or at least for that term beginning October 5, as it stands now.

MR. LOWELL: So we'll stay in touch with the government on that, but you could understand -- the Court could understand our concern that we figure this out sooner than later.

The other point I should have made, Your Honor, is simply that we are engaged with the government continuing to provide discovery. We appreciate that. But, again, with the schedule in mind and the need to give you a schedule of potential additional motions, we'd like to establish either a point in the not-too-distant future where the government can say it has completed discovery, with whatever might be what we call stragglers should there be new things discovered, or a certification that they have been completed. And I'm wondering if they can do that before the end of this month.

THE COURT: Mr. Davidson, what is the status of discovery here?

MR. DAVIDSON: Your Honor, as you know, the defense has been -- is limited in the specific categories of discovery under Rule 16 that it has requested at this point. The government believes it has turned over everything it is required to turn over at this point. The government has liberally produced much, much, much more information through the discovery process to the defense than it believes it's required to. Certainly if

Mr. Lowell has a concern, I can just make sure I limit only turning over from this point the stuff that the government is required by law to turn over. But up to this point, the government has provided much information that it is not required to, and the government is still talking to the defense about certain discovery items, but that's the current state.

THE COURT: Mr. Davidson, to be clear, at this time the government has completed all discovery that's required?

MR. DAVIDSON: Yes, Your Honor.

THE COURT: All right.

MR. DAVIDSON: In evaluating -- as additional information comes in, evaluating it through the lens of what is required and certainly understands its continuing discovery obligations.

THE COURT: Mr. Lowell?

MR. LOWELL: Yes. I understand if he says that he has provided all the discovery that the law requires, that's what I was asking to certify. We'll let the Court know for a bookmark, we believe that at least there's one category of things which we don't necessarily agree that he has provided all that the law requires, and that would be in the area of *Brady* and *Giglio* material. We are prepared to send Mr. Davidson a more specific request again on that so that he's absolutely sure what we have in mind. I don't know that we need to have the Court involved in that at this point, but I wanted there to be a bookmark on

that issue.

THE COURT: Thank you. Well, certainly you-all continue to discuss that and endeavor to work it out. If you can't, then you can bring that issue forward by motion to the Court. But the expectation is that you-all will be able to resolve those issues.

MR. LOWELL: Appreciate that, Your Honor.

THE COURT: All right. Have we covered all of the items that the defense wanted to bring forward, Mr. Lowell?

MR. LOWELL: I believe that's true. Yes.

THE COURT: Thank you. Mr. Davidson, anything from the government?

MR. DAVIDSON: No, Your Honor.

THE COURT: All right. Then I think we have covered everything we need to here, and we are adjourned. Thank you all.

(Proceedings concluded at 10:39 a.m.)

* * * * * * * * * * * * *

COURT REPORTER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the record of the proceedings in the above-entitled matter.

This 23rd day of July, 2026.

/s/ Patricia G. Starkie
Registered Diplomate Reporter
Certified Realtime Reporter
Official Court Reporter