# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 2:26-cr-0139-ECM-KFP-1** |
| | ) | |
| SOUTHERN POVERTY LAW | ) | |
| CENTER, INC. | ) | **Redacted** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## THE SOUTHERN POVERTY LAW CENTER'S BRIEF REGARDING PLEADING FILED UNDER SEAL

By order dated July 21, 2026, the Court directed the parties to brief the question of whether the Southern Poverty Law Center's previously filed Supplement to the Motion To Show Cause Regarding the Superseding Indictment (ECF 98) ("Supplement") should remain under seal. ECF 102. The Court asked the parties to address whether, in light of "issues warranting confidentiality, privacy, and sensitivity with the public's right to access documents" redaction of certain information would sufficiently address the "sensitive matters" upon which the Unopposed Motion for Leave to File Pleading Under Seal (Doc. 96) was based. ECF 102.

████████████████████████████████████████

████████████████████████████████████████



The Supplement was rooted not only in the negative effect on the SPLC's right to a fair trial and the apparent violation of Fed. R. Crim. P. 6(e), but also the concern that ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████

Redaction is insufficient to address the concerns which motivated the Supplement. While "[t]he Supreme Court has explained that there exists 'a general right to inspect and copy public records and documents, including judicial records and documents,'" it has also recognized "that this common-law 'right to inspect and copy judicial records is not absolute.'" *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). To be sure, the Court's "discretion to determine which portions of the record should be placed under seal . . . is guided by the presumption of public access to judicial documents." *Perez-Guerrero*, 717 F.3d at 1235. But "[t]he common law

right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (*quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)).

> Under applicable law,

> [i]n balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. Multiple courts in this circuit have recently considered the potential impact disclosure of a named individual's identity might have in the context of a sealing request. In *In re Sealed Search Warrant*, 622 F. Supp. 3d 1257 (S.D. Fla. 2022), the court "[b]alanc[ed] the Government's asserted compelling need for sealing against the public's interest in disclosure" and noted that one factor that "weigh[ed] in favor of sealing" was the

> significant likelihood that unsealing the Affidavit would harm legitimate privacy interests by directly disclosing the identity of the affiant as well as providing evidence that could be used to identify witnesses. As discussed above, these disclosures could then impede the ongoing investigation through obstruction of justice and witness intimidation or retaliation.

*Id.* at 1263.[1]

In *United States v. Trump*, No. 23-80101-CR, 2024 WL 1542974 (S.D. Fla. Apr. 9, 2024), the Special Counsel sought

> to redact from Defendants' [motion to compel] and exhibits information that reveals the identity of any potential government witness, arguing that publicizing witness identities could subject those potential witnesses to threats, intimidation, or harassment. The Special Counsel offers examples of threats and/or concerning communications directed at judicial officers and law enforcement agents connected with proceedings following the August 8, 2022, search of Defendant Trump's home and with other cases involving Defendant Trump.

*Id.* at *7. Applying the analogous "good cause" standard contained in Fed. R. Crim. P. 16, the court granted the motion to redact witness names from the motion and directed Special Counsel "to file under seal an index containing the name of each potential government witness and a corresponding pseudonym/anonymization for use in the redactions of Defendants' [motion]." *Id.* The court also found "good cause to redact limited portions of the Jencks material that could directly identify potential witnesses," and allowed redactions on the grounds that doing so "is supported by the same witness-safety rationale that has been deemed in this Order to justify redacting witness identities." *Id.*

---

[1] The court ultimately concluded that the circumstances did not warrant keeping the entire affidavit under seal but provided the government the opportunity to propose redactions. *See id.* at 1265. As discussed below, the SPLC believes the current circumstances necessitate a full sealing in order to protect the rights at issue. In the event the Court disagrees, however, the SPLC requests the opportunity to propose redactions in order to minimize the risk of harm.



DATED this 4th day of August, 2026.  Respectfully Submitted,

*/s/ William C. Athanas*
William C. Athanas (ASB-4639-A59A)
Brianna R. Stone (ASB-0400-Y40J)
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8996
Facsimile: (205) 521-8800
bathanas@bradley.com
bstone@bradley.com

Addy R. Schmitt (DC Bar No. 489094)
Andrea L. Moseley (DC Bar No. 502504)
Sara E. Kropf (DC Bar No. 481501)
Janelle Geddes (TN Bar No. 035141)
Kropf Moseley Schmitt PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
Telephone: (202) 627-6900
addy@kmlawfirm.com
andrea@kmlawfirm.com
sara@kmlawfirm.com
janelle@kmlawfirm.com

Abbe David Lowell (DC Bar No. 358651)
David A. Kolansky (NY Bar No. 5887765)
Isabella M. Oishi (DC Bar No. 90018056)
Lowell & Associates, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Telephone: (202) 964-6110
alowellpublicoutreach@
lowellandassociates.com
dkolansky@lowellandassociates.com
ioishi@lowellandassociates.com

Counsel for the Southern Poverty Law Center, Inc.

6

## CERTIFICATE OF SERVICE

I hereby certify that, on August 4, 2026, I transmitted the foregoing to the Clerk of the Court for filing under seal, and also to Assistant U.S. Attorney Kevin Davidson, via overnight mail, for delivery on August 4, 2026. A redacted copy of this pleading will be filed via ECF on August 4, 2026.

/s/ William C. Athanas
William C. Athanas