**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:26-cr-00139-ECM-KFP-2** |
| | ) | |
| **SOUTHERN POVERTY LAW CENTER, INC. and HEIDI L. BEIRICH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM REGARDING DR. BEIRICH'S ORAL MOTION TO CONTINUE AND THE SPLC'S ORAL MOTION TO SEVER**

At the Court's request (Docket No. 150), Defendant Heidi L. Beirich hereby submits this Memorandum regarding Dr. Beirich's oral motion to continue (Docket No. 148) and the SPLC's oral motion to sever (Docket No. 149).

## I. THE COURT SHOULD GRANT DR. BEIRICH'S UNOPPOSED MOTION TO CONTINUE HER TRIAL DATE

Dr. Beirich was first arraigned on this matter on August 25, 2026. At that time, defense counsel advised the parties and the Court that, due to the large volume of discovery that was anticipated to be produced by the government and due to defense counsel's pre-existing trial conflict on another matter, the earliest that defense counsel could be prepared to try this matter was late-January 2027 (subject to further review of discovery). Magistrate Judge Pate nevertheless set Dr.

Beirich's trial date for October 5, 2026, a date set for co-defendant Southern Poverty Law Center months ago (before Dr. Beirich was in this case),[1] but with the expectation that Dr. Beirich would move this Court for a continuance.

Dr. Beirich has now moved for a continuance of her trial date. (Docket No. 148.) The grounds are that Dr. Beirich's chosen defense counsel cannot be ready and available to try this case until at least late January 2027. As discussed at the telephonic status conference on August 27, 2026, there are two primary reasons why putting Dr. Beirich to trial on October 5 (roughly five weeks away) would be unreasonable and highly prejudicial to Dr. Beirich:

(1) The government has represented that it will produce voluminous discovery to Dr. Beirich, including tens of thousands of documents and a hard drive with 1.2 terabytes of data on it. The government has begun this production to defense counsel, but has not yet completed it—despite diligence. This is an unusually large volume of discovery. Defense counsel needs time to review and analyze this discovery and prepare Dr. Beirich's defense.

(2) The undersigned defense counsel is scheduled to try another criminal case in California, beginning on October 26, 2026—with pretrial

---

[1] The original indictment in this matter named only the SPLC and was returned April 21, 2026.

> proceedings the week of October 19, 2026. The trial, which was set before even the original indictment was returned in this case, is expected to last six to eight weeks. This trial is a retrial of a case that previously ended in a mistrial, and the trial date is firm.

Counsel for Dr. Beirich advised the Court during the hearing that counsel believed, subject to review of the discovery, that Dr. Beirich's case could be ready for trial in late January 2027, roughly six months post-arraignment. The government has represented that it does not oppose this motion to continue. (Docket No. 154).

Under these circumstances, a continuance pursuant to the Speedy Trial Act is appropriate. The Act excludes, and thus provides a basis for a continuance, delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance under section 3161(h)(7)(A), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i) & (iv). *See also United States v. Verderame*, 51 F.3d 249, 251-52 (11th Cir. 1995) (in a case where trial was set for 34 days after arraignment on a superseding indictment, court abused its discretion and caused defendant to suffer

substantial prejudice by denying his unopposed motions for a continuance of trial date so that his attorney he could adequately prepare his defense).

## II. SEVERANCE OF PARTIES IS AVAILBLE TO THE COURT IN ORDER TO GRANT DR. BEIRICH A CONTINUANCE

Neither the government nor the SPLC oppose Dr. Beirich's request to continue the trial against her. As a way to accommodate Dr. Beirich's request, the SPLC has moved the Court to sever Dr. Beirich's trial from the trial of the SPLC so that it may proceed to trial on the long-ago set date, without prejudicing Dr. Beirich's ability to prepare for trial. Dr. Beirich joins in that motion.

* * *

Dr. Beirich and her counsel appreciate the Court's attention to these matters.

Dated August 28, 2026

Respectfully submitted,

/s/ *Michael J. Proctor*
Michael J. Proctor (CA State Bar No. 148235)
Marc S. Harris (CA State Bar No. 136647)
IVERSEN PROCTOR LLP
1325 Palmetto Street
Los Angeles, CA 90014
Telephone: 213-787-7699
michael@iversenproctor.com
marc@iversenproctor.com

/s/ *Augusta S. Dowd*
Augusta S. Dowd (ASB-5274-D58A)
WHITE ARNOLD & DOWD P.C.
2001 Park Place North, Suite 1400
Birmingham, AL 35203

Telephone: (205) 323-1888
Facsimile: (205) 323-8907
adowd@whitearnolddowd.com

*Counsel for Defendant Heidi L. Beirich*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th of August, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant counsel of record.

/s/ Augusta S. Dowd
OF COUNSEL