IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA,

v.

THE SOUTHERN POVERTY LAW CENTER, INC.

Defendant.

Case No. 2:26-cr-0139-ECM-KFP-1

**THE SOUTHERN POVERTY LAW CENTER'S MOTION TO SEVER**

## INTRODUCTION

Less than two months before trial against the Southern Poverty Law Center (SPLC) is set to begin, the government sought a second superseding indictment, adding an individual defendant and charges. That individual, Dr. Heidi Beirich, a former SPLC employee, did not suddenly come onto the government's radar. Dr. Beirich received an official target letter from the government in January 2026. Three months after that, the government indicted the SPLC. It did not charge Dr. Beirich, but she was identified in the indictment as "Employee-2."[1] Two months after that, the government superseded a first time, and again, did not charge Dr. Beirich. The SPLC has been diligently preparing for the October 5 trial since the date was set by the Court (with the mutual agreement of the parties). Since the SPLC's arraignment on May 7, when the trial date was set, the government has repeatedly represented to the SPLC and the Court that it is ready for trial, including as recently as three days ago at Dr. Beirich's arraignment and at yesterday's status conference.

Why the government waited until the eve of a long-set trial date to charge a target identified in January is something only the government can explain. But the heavy burden of any resulting delay falls on the SPLC, a nonprofit organization whose work depends on public trust, now facing a potential for at least several additional months[2] under an unresolved federal indictment.

---

[1] Not only was Dr. Beirich identified in the original and first superseding indictments as "Employee-2," but four months later when the government charged Dr. Beirich in a *second* superseding indictment, the allegations against Dr. Beirich are essentially identical to the allegations against "Employee-2" that appear in the original and first superseding indictments. In other words, the second superseding indictment does not appear to be based on any new allegations learned by the government since April 21, 2026.

[2] Because the SPLC's trial counsel is not available for the February trial date due to personal and professional obligations, the next trial setting is April 2027. "It has long been recognized that a criminal defendant has a right to retain counsel of his choice." *United States v. Koblitz*, 803 F.2d 1523, 1527 (11th Cir. 1986); *see Linton v. Perini*, 656 F.2d 207, 209 (6th Cir. 1981), *cert. denied*, 454 U.S. 1162 (1982) ("The right to choose one's own counsel is an essential component of the

This delay is not of the SPLC's making and is entirely avoidable. The SPLC is prepared to go to trial on October 5. Dr. Beirich does not oppose severance. Only the government, the party whose charging decision created the delay, opposes allowing the SPLC's trial to proceed as scheduled.

## ARGUMENT

Under Federal Rule of Criminal Procedure 14, when trying multiple defendants together "appears to prejudice a defendant," the Court may "sever the defendants' trials, or provide any other relief that justice requires." *See*, *e.g.*, *Zafiro v. United States*, 506 U.S. 534, 541 (1993) ("Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts."). While defendants indicted together are ordinarily tried together, that preference is not absolute. As the Eleventh Circuit has cautioned, a court "cannot elevate considerations of judicial economy to the point where they interfere with the appellants' constitutional rights." *United States v. Simon*, 839 F.2d 1461, 1472 (11th Cir. 1988). Granting a motion to sever is soundly within the trial court's discretion when a joint trial would delay a trial-ready defendant for months to accommodate charges the government could have brought months ago. This delay is entirely of the government's own making and is not the kind of reasonable, joinder-based delay the law tolerates.

### A. THE DELAY IS ATTRIBUTABLE SOLELY TO THE GOVERNMENT'S CHARGING DECISIONS.

Rule 14 commits the severance decision to the Court's discretion, and the Court may weigh the delay a continued joint trial would impose on the SPLC, and the reasons for it. Looking to the

---

Sixth Amendment because, were a defendant not provided the opportunity to select his own counsel at his own expense, substantial risk would arise that the basic trust between counsel and client, which is a cornerstone of the adversary system, would be undercut.").

Sixth Amendment's guarantee of a right to a speedy trial, courts assess that right by weighing the factors set out in *Barker v. Wingo*: "[l]ength of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. 514, 530 (1972). The reason for the delay, particularly if the government is responsible and why, is central. *Id.* at 531. That same factor should be considered by a court on a motion to sever made on a similar basis.

Here, the government's responsibility for the delay by waiting to charge Dr. Beirich is not in question. The SPLC, a defendant ready to be tried, should not bear the cost of the government's decision to defer charging a known target. Consequently, ordering relief falls squarely within the Court's authority to sever where joinder "appears to prejudice a defendant" or to order "any other relief that justice requires." Fed. R. Crim. P. 14(a); *see Zafiro*, 506 U.S. at 538–39 ("tailoring of the relief granted" is left "to the district court's sound discretion").

**B. EFFICIENCY CONCERNS DO NOT OUTWEIGH THE HARM INFLICTED ON THE SPLC.**

At the hearing, the government argued that the issues to be tried if there are two trials are the same, the witnesses will be the same, and, therefore, the cases should not be severed for judicial economy and efficiency.[3] That is usually the case, but there are exceptions. The government then stated that any additional burdens on the SPLC would not outweigh the normal course of trying defendants together because the SPLC was a corporate defendant and not in custody. But the corporate/individual distinction has no bearing on this issue. The Supreme Court has long recognized that an unresolved indictment inflicts real harm on the accused regardless of whether they are in custody or not. *See Klopfer v. North Carolina*, 386 U.S. 213, 222 (1967) ("The pendency of the indictment may subject him to public scorn and deprive him of employment, and

[3] Notably, despite being asked repeatedly by the Court, the government is not moving for a continuance.

almost certainly will force curtailment of his speech, associations and participation in unpopular causes. By indefinitely prolonging this oppression, as well as the anxiety and concern accompanying public accusation . . . the petitioner [has been denied] the right to a speedy trial which we hold is guaranteed to him by the Sixth Amendment of the Constitution of the United States."). Those harms certainly apply to the SPLC. As a nonprofit advocacy organization whose work depends on public trust and the ability to speak and associate freely, the SPLC bears this kind of real and accruing injury for every day this indictment remains unresolved. As one example, major donor-advised funds froze all grants to the SPLC, a decision reportedly based on the unproven allegations in the indictment.[4] The SPLC's ability to clear its name at trial is vital to its survival as a nonprofit organization whose effectiveness requires it to be trusted and respected.

The efficiency of a joint trial alone cannot justify imposing additional months of avoidable delay on a trial-ready defendant to accommodate a co-defendant that the government chose to indict on the eve of trial. *See Simon*, 839 F.2d at 1472; *United States v. Pepe*, 747 F.2d 632, 651 n.21 (11th Cir. 1984) (on appeal, analyzing whether judicial economy was "an overriding reason for denying the defendants' severance motions."). The Court should therefore exercise its Rule 14 discretion and sever the SPLC's trial.

---

[4] *See* Ron Lieber, *Fidelity and Vanguard Won't Allow Donations to Southern Poverty Law Center*, N.Y. Times (Apr. 29, 2026), https://www.nytimes.com/2026/04/29/business/fidelity-southern-poverty-law-center.html; Ellis Simani, *Wall Street's Nonprofits Use Selective, Opaque Logic to Defund Charities*, Pro Publica (Aug. 14, 2026), https://www.propublica.org/article/donor-advised-funds-charity-contributions.

## CONCLUSION

Accordingly, the Southern Poverty Law Center respectfully requests that this Court order that this case be severed for purposes of trial so that the case against it may proceed on the long-scheduled October 5 trial date.

Dated: August 28, 2026

Respectfully Submitted,

/s/ *Addy R. Schmitt*
Addy R. Schmitt (DC Bar No. 489094)
Andrea L. Moseley (DC Bar No. 502504)
Sara E. Kropf (DC Bar No. 481501)
Janelle Geddes (TN Bar No. 035141)
Kropf Moseley Schmitt PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
Telephone: (202) 627-6900
addy@kmlawfirm.com
andrea@kmlawfirm.com
sara@kmlawfirm.com
janelle@kmlawfirm.com

/s/ *Abbe David Lowell*
Abbe David Lowell (DC Bar No. 358651)
David A. Kolansky (NY Bar No. 5887765)
Isabella M. Oishi (DC Bar No. 90018056)
Lowell & Associates, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Telephone: (202) 964-6110
alowellpublicoutreach@lowellandassociates.com
dkolansky@lowellandassociates.com
ioishi@lowellandassociates.com

William C. Athanas (ASB-4639-A59A)
Brianna R. Stone (ASB-0400-Y40J)
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8996

Facsimile: (205) 521-8800
bathanas@bradley.com
bstone@bradley.com

*Counsel for the Southern Poverty Law Center, Inc.*