IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cr-0139-ECM-KFP |
| | ) | |
| SOUTHERN POVERTY LAW CENTER, INC. and HEIDI BEIRICH | ) | |

**ORDER**

Before the Court is the parties' Proposed Pretrial Deadline Schedule. Doc. 177. Upon consideration, the proposed deadlines are accepted and imposed along with other pretrial deadlines as follows:[1]

**PRETRIAL CONFERENCE**. A pretrial conference is set for **April 5, 2027, at 1:00 p.m., by video conferencing via ZoomGov Meeting**. At least five minutes before the start of the conference, counsel should join the proceeding by logging into the Court's conference call line. A member of the undersigned's staff will email the attorneys for the parties with the meeting ID and password that must be entered to join the hearing. If a party experiences technical difficulties, that party should seek direction by calling chambers at (334) 954-3730 but only after first attempting to rejoin the call.

At least **three days** before the pretrial conference, counsel must confer about the issues and matters to be discussed at the pretrial conference as set forth in this order.

[1] The parties also requested the Court set a status conference in February 2027, and the SPLC requested another status conference be set the week of December 1, 2026. The Court declines at this time to set the requested status conferences. Should the need arise, the parties may file an appropriately supported motion requesting a status conference for a particular purpose, and the Court will take the request under consideration.

Counsel who want in-custody defendants to attend must notify the Magistrate Judge **three days** before the conference date so an order to produce can be issued to the United States Marshal.

At the pretrial conference, counsel must be prepared to discuss all pending motions, the status of discovery, possible stipulations, and the estimated length of trial. Counsel must be prepared to provide a definite commitment as to the final disposition of this case—by trial, plea, or other non-trial disposition. If resolution of a dispositive motion will affect the nature of this commitment, counsel must be prepared to discuss this type of resolution. If the case will be resolved by a plea, notice of intent to enter a plea should be filed at the time of the pretrial conference. If the parties require additional time for plea negotiations, counsel should be prepared to inform the Court about the date when those negotiations will be completed.

**PRETRIAL MOTIONS**. As agreed upon by the parties:

Defendant Heidi Beirich shall file any pretrial motions by **October 26, 2026**. The Government shall file its responses by **November 2, 2026**.

Any motion regarding jury selection and/or a jury questionnaire shall be filed by **December 21, 2026**.

Motions in limine shall be filed by **February 1, 2027**. Responses shall be filed within two weeks of any motion and replies shall be filed within one week of the response(s).[2]

[2] No other motion in limine shall be filed without leave of court.

**OTHER PRETRIAL DEADLINES**. As agreed upon by the parties:

The parties shall exchange draft jury instructions by **March 15, 2027**.

The parties shall file joint jury instructions by **March 29, 2027**.

Proposed voir dire shall be filed by **March 31, 2027**.

**JENCKS ACT STATEMENTS**. The Government shall provide defense counsel with all Jencks Act statements before the day set for trial.

**MANDATORY APPEARANCE OF COUNSEL**. Counsel of record for all parties are ORDERED to appear at all court proceedings in this case. Those attorneys who find it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) must arrange to have substitute counsel appear on behalf of their clients. Any attorney who appears as substitute counsel for a defendant must have full authorization from the defendant to act on its or her behalf and be fully prepared to proceed. Substitute counsel must not be counsel for a co-defendant unless permitted by the Court after proper motion. Any counsel who wishes to have substitute counsel appear must obtain permission of the Court in advance.

DONE this 30th day of September, 2026.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE