# Exhibit F

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Middle District of Alabama

United States of America
v.
Southern Poverty Law Center, Inc.
*Defendant*

Case No. 2:26-cr-0139-ECM-KFP-1

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: [redacted]

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A.

| Place: Kropf Moseley Schmitt PLLC<br>1100 H Street NW, Suite 1220<br>Washington, DC 20005 | Date and Time: |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: ______________

*CLERK OF COURT*

______________________________
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* The Southern Poverty Law Center, Inc, who requests this subpoena, are:

Addy R. Schmitt, Kropf Moseley Schmitt, 1100 H Street NW, Suite 1220, Washington, DC 20005, addy@kmlawfirm.com, 202-627-6900

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No. 2:26-cr-0139-ECM-KFP-1

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________________
__________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

## INSTRUCTIONS

1. For digital Documents and Communications, you should provide them in electronic form, including the native file and all associated metadata. You may produce the documents to Addy Schmitt at addy@kmlawfirm.com. If the documents are too voluminous to produce this way, please produce them on a thumb drive to Addy Schmitt, Kropf Moseley Schmitt PLLC, 1100 H Street NW, Suite 1220, Washington, DC 20005, or contact Ms. Schmitt to obtain a secure link to upload the documents directly to Kropf Moseley Schmitt.
2. For Documents that exist in physical form only, you must produce complete and legible copies or scans, and you must preserve the originals and make them available for inspection and copying by counsel for the SPLC upon request. If you elect to produce physical originals, please contact Ms. Schmitt to arrange delivery.
3. You are required to produce all requested Documents and Communications that are in your possession, custody, or control, wherever located and in whatever form or medium, including without limitation: (a) your residence, home office, and any other office or workspace; (b) any storage unit, storage garage, or other storage facility, whether leased in your name or in another person's name, including the contents of any file cabinets, plastic containers, boxes, bags, or binders kept there; (c) any vehicle; (d) any computer, laptop, tablet, mobile phone, camera, audio or video recorder, external hard drive, thumb drive, memory card, or other electronic device or storage medium; (e) any email, messaging, social-media, or cloud-storage account (such as iCloud, Google Drive, Dropbox, or OneDrive); and (f) materials held by any other person or entity on your behalf or that you have the legal right or practical ability to obtain, including materials held by a storage-facility operator or by any person who is holding your property. Your obligation extends to

Documents and Communications that you have previously provided, in whole or in part, to any government agent, attorney, or office; you must produce the complete and unedited version of any such materials that remain in your possession, custody, or control, not merely the portion, clip, excerpt, or copy previously provided.

4. "Documents" means all books, papers, records, data, and other objects within the meaning of Federal Rule of Criminal Procedure 17(c), and includes every writing, recording, image, or item of electronically stored information, of any kind, in any form or medium, whether handwritten, typed, printed, photographic, electronic, or otherwise, whether an original, draft, or non-identical copy, and whether created by you, by the Southern Poverty Law Center, or by any other person. Without limiting the foregoing, "Documents" includes: handwritten and typed notes, journals, logs, and diaries; reports, memoranda, summaries, chronologies, analyses, and research; PowerPoint or other presentation decks, including every file linked to, embedded in, or referenced by any deck; spreadsheets and databases; photographs, negatives, slides, digital images, and screenshots; audio recordings and video recordings in any format, including recordings of telephone calls, meetings, and in-person conversations, and including the complete, unedited original of any recording from which any clip, excerpt, enhanced version, or transcript was made, together with every such clip, excerpt, enhanced version, or transcript; expense reports, receipts, invoices, checks, and other payment records; minutes, agendas, board materials, and other internal records of the Southern Poverty Law Center; calendars and appointment records; and all metadata associated with any electronic file. "Documents" includes all Communications.

5. "Communications" means any transmission or exchange of information, in any form, and includes electronic mail (on any account), text messages, voicemail, chat and messaging-

application messages (including iMessage, WhatsApp, Signal, Telegram, Slack, and Facebook or Instagram messages), social-media posts and direct messages, letters, and other written correspondence, together with all attachments, links, photographs, recordings, or files sent or received with them, and any notes, recordings, or other records memorializing an oral communication.

## REQUESTS

1. All Documents that you referenced, described, or identified in any interview, meeting, briefing, or Communication with any agent, employee, or attorney of the United States, including the Federal Bureau of Investigation, the Internal Revenue Service, and the United States Attorney's Office for the Middle District of Alabama.

2. All audio or video recordings of any current or former officer, director, employee, contractor, or informant of the Southern Poverty Law Center, including the complete and unedited original of every recording from which any clip, excerpt, enhanced version, or transcript was made and provided to any agent, employee, or attorney of the United States.

3. All Documents and Communications concerning your work as an informant, source, or field participant for the Southern Poverty Law Center or for the Federal Bureau of Investigation or any other law enforcement agency, including Documents concerning payments you received for that work.

4. All handwritten notes, journals, logs, and diaries concerning the Southern Poverty Law Center, its employees, its informant program, or any person or organization you investigated or reported on for the Southern Poverty Law Center, including the

approximately 1,800 pages of notes you described to the government as relating to your time as an informant for the Southern Poverty Law Center.

5. All presentations, slide decks, or "Intelligence Briefings" that you prepared for or provided to any agent, employee, or attorney of the United States, including the presentations you delivered on or about December 15, 2025, February 24, 2026, August 14, 2026, and September 9, 2026, in native format (such as .pptx), together with every audio recording, video recording, photograph, document, or other file that is linked to, embedded in, attached to, or referenced in any such presentation, and all drafts and prior versions.

6. All Documents that are or were located in the storage unit, storage garage, or other storage facility you described to the government on or about December 9, 2025, including the contents of the six steel file cabinets and the plastic containers you described and photographed, whether or not those Documents remain in that facility.

7. All Communications between you and any agent, employee, or attorney of the United States, including the Federal Bureau of Investigation, the Internal Revenue Service, and the United States Attorney's Office for the Middle District of Alabama, from March 1, 2022, to the present, concerning the Southern Poverty Law Center, its informant program, any current or former officer, director, employee, contractor, or informant of the Southern Poverty Law Center, or this case, including text messages, emails, voicemails, and messages sent through any messaging application, together with all attachments, links, photographs, recordings, and files sent or received with them.

8. All Communications between you and any current or former employee of the Southern Poverty Law Center.

9. All Documents and Communications not covered by the preceding requests that are related to the allegations in the Indictment, the Superseding Indictment, or the Second Superseding Indictment in this case.