**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>THE SOUTHERN POVERTY LAW CENTER, INC. and HEIDI BEIRICH | **CASE NO. 2:26-cr-00139-ECM-KFP**<br><br>**OPPOSED** |

**DR. BEIRICH'S MOTION FOR LEAVE TO FILE A REPLY REGARDING HER VINDICTIVE AND SELECTIVE PROSECUTION MOTION**

Dr. Heidi Beirich respectfully requests that the Court permit her to file a reply to the Government's response (Dkt. No. 220, the "Opposition") to her Motion for Discovery Regarding Vindictive and Selective Prosecution, or, in the Alternative, to Dismiss the Indictment (Dkt. No. 186, the "Motion"). Counsel for Dr. Beirich has discussed this request with Assistant United States Attorney Kevin Davidson, who indicated that the Government opposes this request.

This Court's Local Rules and the Federal Rules of Criminal Procedure do not expressly provide for a reply in support of a pretrial motion in a criminal case. The Court therefore has discretion, as part of its inherent authority to manage its docket, to permit a reply, as it has done for other motions in this case. (*See, e.g.*, Dkt. Nos. 36, 37, 74).

Throughout this case, and before Dr. Beirich was added as a co-defendant, the Court set schedules that included deadlines for motions, oppositions, and replies. (*See, e.g.,* Dkt. Nos. 47 (May 2026 Amended Scheduling Order), 107 (July 2026 Amended Scheduling Order).) After Dr. Beirich was added, the Court ordered the parties to confer regarding the existing pretrial deadlines. (*See* Dkt. Nos. 165, 173.) The parties did as ordered and on behalf of the parties, the Government submitted a proposed pretrial deadline schedule that the Court later adopted. (*See* Dkt. Nos. 177, 178.) The new schedule amended all the dates that the Court had set in July, including the timing for replies to motions *in limine*, except it omitted a new date for replies to other pretrial motions. (*Compare* Dkt. No. 107 (reply deadline for pretrial motions *and* motions *in limine* set one week after the opposition deadline) *with* 178 (omitting a reply deadline for pretrial motions).) As the deadlines approached and with the Court's permission, Dr. Beirich and the Government agreed to the other's request to deviate from the amended scheduling order, thereby giving Dr. Beirich until November 2, 2026, to file her Motion, (*see* Dkt. No. 180), and the Government until November 24, 2026, to file its Opposition, (*see* Dkt. No. 191). The parties met those deadlines and Dr. Beirich now respectfully requests a two-week deadline to file a reply of no more than 15 pages that addresses newly produced discovery and certain issues raised in the Government's Opposition.

A reply is warranted. After Dr. Beirich filed her Motion, the Government made two additional discovery productions of over 700 documents and recordings. Some of the discovery in those two mid-November productions included information that (a) had been in the Government's possession since late 2025 and early 2026, (b) predates the original and superseding indictments in this case, and (c) bears directly on issues—including the involvement of a high-level official in this case—raised in Dr. Beirich's Motion. Dr. Beirich would have included certain information from the newly disclosed discovery had the Government provided it earlier, but the post-Motion production made that impossible. The Court should have this additional information when deciding the important issues raised in Dr. Beirich's Motion.

More fundamentally, Dr. Beirich's Motion seeks discovery on, and dismissal of, the operative indictment based upon claims of vindictive and selective prosecution. These claims raise serious constitutional questions that turn on the Government's asserted justifications for its charging decisions. The Government's Opposition raises arguments, characterizations of the record, and legal authorities that Dr. Beirich has had no opportunity to address. A reply will allow Dr. Beirich to respond directly to the Opposition to clarify the cases cited and disputed issues and promote a more informed ruling on Dr. Beirich's Motion.

The Court has permitted replies in litigation throughout this case, and the facts underlying this request certainly warrant doing so in this instance. Allowing a brief reply will neither prejudice the Government nor delay these proceedings. Moreover, the requested reply will not require moving any existing deadlines or significantly affect the timing of any hearing on the Motion, should the Court so order.

WHEREFORE, Dr. Beirich respectfully requests that the Court grant her leave to file a reply in support of her Motion within 14 days of the Court's order. Should the Court so order, Dr. Beirich has attached a proposed order for the Court's consideration.

Dated: November 25, 2026

Respectfully submitted,

*/s/ Marc S. Harris*

Michael J. Proctor (CA State Bar No. 148235)
Marc S. Harris (CA State Bar No. 136647)
IVERSEN PROCTOR LLP
1325 Palmetto Street
Los Angeles, CA 90014
Telephone: 213-787-7699
michael@iversenproctor.com
marc@iversenproctor.com

*/s/ Augusta S. Dowd*

Augusta S. Dowd (ASB-5274-D58A)
WHITE ARNOLD & DOWD P.C.
2001 Park Place North, Suite 1400
Birmingham, AL 35203
Telephone: (205) 323-1888
Facsimile: (205) 323-8907

*Counsel for Defendant Heidi L. Beirich*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th of November, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant counsel of record.

*/s/ Augusta S. Dowd*
Counsel for Defendant Heidi L. Beirich